**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEIL LEWIS, SHARON LEWIS, husband and wife, d/b/a S.D.I.C, | No. CV-00-1796-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| NORMAN MICHAEL MILLER, SHERI MILLER, husband and wife, J.A. MILLER and JANE DOE MILLER, husband and wife; NORMAND MICHAEL MILLER as TRUSTEE OF THE QID AND TID TERM OF YEARS TRUST; TID LIMITED PARTNERSHIP; QID LIMITED PARTNERSHIP; JOHN and JANE DOES 1-10; XYZ Corporation 1-10; Black & White partnerships 1-10; and, L-N limited liability companies 1-10, | |
| Defendants | |

## I.    DISCUSSION

On September 04, 2009, Plaintiffs Neil Lewis and Sharon Lewis, husband and wife, filed the instant Motion to Reopen Case Against J.A. Miller.  (Dkt. #113).  This Court entered final judgement in this case over six years ago, on June 12, 2002. (Dkt. #112).  The Court entered its judgement pursuant to the settlement reached between Plaintiffs and Defendants Mike and Sherri Miller, husband and wife ("Miller").  (Dkt. #113, ex.5). Defendant J.A. Miller was not a party to the settlement agreement.  Id.

1    In support of their Motion, Plaintiffs cite Federal Rule of Civil Procedure 54(b),
2  arguing it "allows claims to continue against parties that are not part and partial [sic] to a
3  final judgement." (Dkt. #113, p.3)  In so urging, Plaintiff oversimplifies and misunderstands
4  the purpose and application of Rule 54(b).  As a general rule, piecemeal appeals during a
5  single litigation are looked upon unfavorably, with appellate courts preferring one appeal at
6  the conclusion of the lawsuit.  STEVEN BAIKER-MCKEE, ET AL., FEDERAL CIVIL RULES
7  HANDBOOK 1037 (2009).  Rule 54(b) carves out an exception to this rule.  In a multiclaim
8  or multiparty action, it allows a district court to enter final judgement as to one claim or
9  party, certifying it for immediate appeal, "where awaiting a final judgement [as to all claims
10 or parties] would be unduly harsh or unjust."  Id.; see Wood v. GCC Bend, LLC, 422 F.3d
11 873, 878 (9th Cir. 2005) (discussing the determinations a district court must make when
12 utilizing Rule 54(b)).

13    Having explained what Rule 54(b) is, this Court will now state what it very clearly is
14 not: a mechanism for reopening a case.  In light of this fact, Rule 54(b) does not support
15 Plaintiffs' motion.  Additionally, the Court did not enter the final judgement in this case
16 pursuant to Rule 54(b), and Plaintiffs do not allege that it did.  And, even if this Court had
17 entered a Rule 54(b) final judgement, it would not have excused them from pursuing their
18 claims against J.A. Miller, or any of the other Defendants, especially not for six years.

19    **Accordingly,**

20    **IT IS HEREBY ORDERED** denying Plaintiffs Motion to Reopen Case Against J.A.
21 Miller (Dkt. #113).

22    DATED this 5th day of October, 2009.

Mary H. Murgula
United States District Judge

- 2 -